**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DEONDROW R. HILL,

     Plaintiff,

v.

CREDIT CONTROL, LLC,

     Defendant.

_____/

Case No. 8:26-cv-01271

DEMAND FOR A JURY TRIAL

## COMPLAINT

Plaintiff DEONDROW R. HILL ("Plaintiff"), by and through the undersigned, complains as to the conduct of CREDIT CONTROL, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.,* as well as the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute § 559.55 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C.

1

§§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age residing in Tampa, Florida, located in the Middle District of Florida.

5.   Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Florida. Defendant is a limited liability company organized under the laws of the state of Missouri with its principal place of business located at 3330 Rider Trail South, Suite 500, Earth City, Missouri.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7.   The instant action arises out of Defendant's attempts to collect upon a purported debt ("subject consumer debt") said to be owed by Plaintiff to Navy Federal Credit Union ("NFCU").

2

8. Upon information and belief, after the subject consumer debt was purportedly in default, it was placed with Defendant for collection purposes.

9. Thereafter, Plaintiff began receiving calls to his cellular phone number (4017) XXX-7689, from Defendant, seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff has been the sole subscriber and operator of the cellular phone associated with the number ending in -7689. Plaintiff is, and always has been, responsible for the phone and its associated services.

11. Defendant has primarily used the phone number (407) 495-2859 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

13. Upon answering a call from Defendant, Plaintiff learned that it was seeking to collect on the subject consumer debt.

14. Plaintiff advised Defendant that he could not make a payment at that time, and further indicated that he did not want to be contacted further regarding the debt.

15. Despite Plaintiff's clear demands for Defendant to cease calling him, Defendant proceeded to continue calling Plaintiff regarding the subject consumer debt.

16. Plaintiff has repeated his demands that Defendant cease contacting him, to no avail, as Defendant has continuously ignored these repeated demands and continued placing calls to Plaintiff throughout February and March 2026.

17. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that he did not want Defendant calling him.

18. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

19. Plaintiff has been unfairly and unnecessarily harmed and harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. 15 U.S.C. § 1692d broadly prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Without limiting the generally applicable nature of the foregoing, 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if

they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

28. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

29. Defendant violated § 1692d and § 1692d(5) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome, inconvenient, harassing, and distracting to Plaintiff, yet nevertheless repeatedly attempted to engage Plaintiff in conversations regarding the subject consumer debt, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such

6

calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

WHEREFORE, Plaintiff, DEONDROW R. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692E

30. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

32. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

34. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

35. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. Defendant violated § 1692e when it misrepresented its legal ability to continue to call Plaintiff after he had demanded it refrain from calling. Defendant did not have the right and ability to engage in such conduct, since under the binding regulations it was required to cease calling Plaintiff upon his demands that said calls cease. Any further efforts to contact Plaintiff in contempt of the regulations naturally had the consequence of misrepresenting Defendant's right to do so.

WHEREFORE, Plaintiff, DEONDROW R. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

8

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692F

37. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

39. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

40. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

9

41. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

42. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties providing that Defendant must cease its calls.

WHEREFORE, Plaintiff, DEONDROW R. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT IV – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

46. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

47. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

a. **Violations of FCCPA § 559.72**

48. Pursuant to Fla. Stat. § 559.72(7), a debt collector may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

49. Defendant violated § 559.72(7) through its harassing and abusive phone call campaign directed towards Plaintiff's cellular phone. Plaintiff had made clear that he did not want to be contacted via phone call, and similarly demanded that Defendant cease calling him; however, Defendant consciously ignored that directive in an effort to compel Plaintiff's payment on the subject consumer debt. The nature and pattern of Defendant's phone calls, along with the nature of Plaintiff's prior conversations with Defendant, illustrate that it persisted in repeatedly contacting

11

Plaintiff with the willful intent of harassing Plaintiff through its continued collection efforts.

WHEREFORE, Plaintiff, DEONDROW R. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 559.77(2);

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. § 559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 30, 2026　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　s/ Maxwell Brooks
　　　　　　　　　　　　　　　　　　Maxwell Brooks, Esq.
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　2500 South Highland Ave., Suite 200
　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　Phone: (630) 575-8181
　　　　　　　　　　　　　　　　　　Fax: (630) 575-8188
　　　　　　　　　　　　　　　　　　mbrooks@sulaimanlaw.com